{¶ 43} Accepting (as we must) that Kekic is an insured entitled to UM/UIM coverage based on the Ohio Supreme Court's analysis of identical policy language in Scott-Pontzer, I would find that coverage is precluded by the "other owned vehicle" exclusion. Therefore, I dissent.
 {¶ 44} First, I am compelled to note that courts applyingScott-Pontzer — including the majority in the case at bar — have succeeded in including virtually every person alive within the uninsured/underinsured motorist (UM/UIM) coverage provided by a single corporate insurance policy. In my opinion, Scott-Pontzer extends UM/UIM coverage beyond the bounds of reason, or even common sense.
 {¶ 45} Were we not bound by the Supreme Court's analysis of the policy language in Scott-Pontzer, I would hold that Kekic is not an insured under the UM/UIM coverage afforded by the policy issued to her employer. Contrary to the holding in Scott-Pontzer, I would find the term "you" is not ambiguous. Rather, the policy specifically defines "you" as the named insured, that is, in this case, Apple American Group. This definition does not include individual employees.
 {¶ 46} The court in Scott-Pontzer asserted that it would be "nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle." This analysis might suggest that the coverage of the named insured which I believe to be afforded here is illusory. It is not. The UM/UIM coverage protects not only "you" (that is, the corporate insured) but also persons occupying a covered auto. Thus, the policy does afford significant UM/UIM coverage to individual occupants of covered vehicles.
 {¶ 47} Nevertheless, I am compelled to follow the dictates of the supreme court in Scott-Pontzer, and to find that Kekic is an insured under the UM/UIM endorsement.
 {¶ 48} Contrary to the majority's view, however, I would find that coverage is excluded by the "other owned vehicle" exclusion. This exclusion states:
 {¶ 49} "This insurance does not apply to:
 {¶ 50} "* * *
 {¶ 51} "5. `Bodily injury' sustained by:
 {¶ 52} "a. You while `occupying' or when struck by any vehicle owned by you that is not a covered `auto' for Uninsured Motorists Coverage under this Coverage Form;"
 {¶ 53} The policy declarations define "covered `autos' for a particular coverage by the entry of one or more of the symbols from the covered auto section of the business auto coverage form next to the name of the coverage." Next to the name "uninsured motorist" is the symbol "2." This symbol designates "only those `autos' you own * * *." Thus, "only those `autos' you own" are "covered autos" for purposes of uninsured motorist coverage.
 {¶ 54} The key to whether this exclusion precludes UM/UIM coverage for the injury sustained by appellant while she was driving her own automobile lies in the question whether her auto may be considered an auto "you own." If "you" for purposes of the policy declaration is considered ambiguous because of the ambiguity the Scott-Pontzer court found in the UM/UIM endorsement, then "you" would include appellant, an employees of the insured corporation, and appellant's personal auto would be a covered auto, that is, an "`auto' you own." On the other hand, if the definition of "you" set forth in the business auto coverage form applies, then "`autos' you own" are limited to those autos owned by the named insured corporations.
 {¶ 55} While the Supreme Court has found the term "you" to be ambiguous when used to define who is an insured for purposes of
 {¶ 56} UM/UIM coverage, to apply this broadened definition of "you" for all purposes under the policy ignores the parties express intent. The business auto coverage form specifically defines "you" as the named insured. Corporations can own automobiles; the term "you" is, therefore, not ambiguous when used to designate automobiles "you" own as covered automobiles.
 {¶ 57} Furthermore, this definition gives meaning to all terms of the policy. If every automobile owned by an employee is an "`auto' you own" (and thus covered), then there will never be a case in which an employee will be occupying an auto he or she owns that is not a covered auto. The exclusion would be meaningless in all cases.
 {¶ 58} I recognize that this analysis incorporates the two different definitions of "you" into the same exclusion: coverage is excluded if "you" (employee) are occupying an automobile owned by "you" (employee) that is not a covered auto, i.e., an automobile owned by "you" (named insured corporation). However, in my opinion, this apparent inconsistency is necessary to bring some sense back to the construction of the term "you" as it is used for different purposes throughout the policy.
 {¶ 59} In my opinion, coverage was excluded by the policy because Kekic was occupying a vehicle she owned which was not a covered auto. Accordingly, I would affirm the common pleas court's judgment.